**E-FILED on**    6/7/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEIL B. GOLDBERG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES CAMERON, GALE ANN HURD, et al.<br><br>　　　　　Defendants. | No. C-05-03534 RMW<br><br>ORDER TENTATIVELY GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AND SEVENTH CAUSES OF ACTION IN THE SECOND AMENDED COMPLAINT<br><br>**[Re Docket Nos. 44, 46]** |

### I. NATURE OF THE MOTION

　　In August 2005, plaintiff Neil Goldberg, a resident of Santa Cruz, California, filed suit against defendants James Cameron and Gale Ann Hurd. According to Goldberg, Cameron and Hurd allegedly misappropriated plaintiff's copyrighted works and used them in all three movies of the *Terminator* trilogy. On February 27, 2007, the court granted defendants' motions to dismiss plaintiff's claims as time-barred, permitting Goldberg to amend his complaint to attempt to state a claim as to the third *Terminator* movie.

　　In his second amended complaint, Goldberg seeks (1) an injunction and damages for copyright infringement; (2) return of all benefits under a theory of conversion; (3) recovery for

1  breach of implied contract; (4) an injunction and damages under Cal. Bus. & Prof. Code § 17200; (5)
2  an accounting; and (6) declaratory relief.  On April 17, 2007, after the parties had stipulated to
3  extend the time for the defendants to responded to the second amended complaint, Hurd moved to
4  dismiss Goldberg's second claim for breach of implied contract and seventh claim for negligence
5  pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that these claims are time-
6  barred.  Defendant Cameron joined the motion.  On May 11, 2007, Hurd submitted a notice of non-
7  opposition that plaintiff had failed to submit an opposition defendants' motion.  Plaintiff did not
8  submit an opposition.  However, plaintiff's counsel did appear for the motion after it had been called
9  and granted on the 9:00 a.m. calendar and noted that defendants had noticed the motion for 10:30
10 a.m.  Therefore, the court hereby gives plaintiff ten days in which to put in writing what he intended
11 to say at the May 26, 2007 hearing.  Absent a showing of good cause for failing to respond to the
12 motion and a showing that the motion should not be granted for the reasons set forth below, the
13 court will grant the motion.

## II. ANALYSIS[1]

15 Defendants move to dismiss plaintiff's breach of implied contract claim and negligence claim
16 as barred by the statute of limitations.  They also move to dismiss plaintiff's breach of implied
17 contract claim on the grounds that plaintiff fails to allege the existence of a contract between
18 Goldberg and Hurd or Goldberg and Cameron.

19 **A.      Statute of Limitations**

20 The plaintiff's breach of implied contract claim is subject to a two-year limitations period.
21 *Davies v. Krasna*, 14 Cal. 3d 502, 516 (1975) (breach of confidence cause of action subject to a
22 two-year statute of limitations); *Rokos v. Peck*, 182 Cal. App. 3d 604, 619 (1986) (breach of
23 confidence and breach of implied contract claims have identical statute of limitations period).
24 Plaintiff's negligence claim is subject to a two-year statute of limitations. Cal. Code of Civil
25 Procedure § 339.  Plaintiff's claims accrued when he first suffered "appreciable and actual harm."
26 *Davies*, 14 Cal. 3d at 535.

---

[1] The underlying facts of this action are well-known by the parties, therefore the court will not repeat them here.

1    Defendants seek judicial notice that *Terminator 3* was released on July 2, 2003. "A
2 judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally
3 known within the territorial jurisdiction of the trial court or (2) capable fo accurate and ready
4 determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.
5 201(b). Here, there is no dispute that *Terminator 3* was released on July 2, 2003, so the court will
6 take judicial notice of this fact.

7    As the court previously held, the date plaintiff's claim originally accrued with regard to
8 *Terminator 3* can be no later than the date on which it was released in 2003. As the movie was
9 released on July 2, 2003 and plaintiff's complaint was not filed until August 25, 2005, plaintiff's
10 breach of implied contract claim as to *Terminator* 3 is untimely. *Cf. Kourtis*, 419 F.3d at 1001.
11 Although plaintiff has amended his complaint to state that he was unaware of the alleged breach of
12 implied contract until within two years of filing the action,[2] as before, the court sees no reason to
13 apply any delayed accrual principle. It has already determined that plaintiff's delay in filing this
14 lawsuit was unreasonable and plaintiff has pleaded no other facts that would alter that determination.

15    **B.    Failure to State a Claim**

16    Because the court concludes the plaintiff's second and seventh causes of action are time-
17 barred, it need not reach the merits of defendants' argument that plaintiff fails to state a claim for
18 breach of implied contract.

### III.  ORDER

20    For the foregoing reasons, and because plaintiff failed to oppose the motion, the court tentatively
21 grants defendants' motions to dismiss. Plaintiff's claims for breach of implied contract and negligence
22 are tentatively dismissed in their entirety as time barred without leave to amend.

25    DATED:     6/6/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

---

[2] In the first amended complaint, plaintiff previously alleged that he was unaware of the claim until within three years of filing the complaint, rather than two years. *See* First Amended Complaint ¶ 14.

ORDER TENTATIVELY GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AND SEVENTH CAUSES OF ACTION IN THE SECOND AMENDED COMPLAINT—No. C-05-03534 RMW
MAG                                3

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Donald Charles Schwartz    triallaw@cruzio.com

**Counsel for Defendants:**

Charles Nathan Shephard    cshephard@ggfirm.com
Bruce Alan Isaacs    bisaacs@wymanisaacs.com
David Boren    dboren@wymanisaacs.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    6/7/07                                   /s/ MAG
                                                **Chambers of Judge Whyte**