**E-FILED on** __12/1/09__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEIL B. GOLDBERG,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES CAMERON, GALE ANN HURD, et al.<br><br>    Defendants. | No. C-05-03534 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>**[Re Docket No. 130]** |

On February 27, 2009, this court dismissed plaintiff Neil Goldberg's ("Goldberg") direct copyright infringement claims against defendants James Cameron and Gale Ann Hurd ("Hurd) that accrued prior to August 31, 2002 as barred by the statute of limitations. On July 10, 2009, the court granted defendants' summary judgment motion as to the remaining direct infringement claims, those that accrued after August 31, 2002. In its July 10, 2009 order, the court also granted plaintiff leave to amend to assert a claim for contributory infringement.

Hurd now moves to strike all allegations in the complaint that refer to the first two Terminator films. She also moves to dismiss the third amended complaint on the basis that the "representations and warranties" argument has no merit. Hurd's motions misunderstand the court's July 10, 2009 order. Although no direct infringement claims exist in this lawsuit, the alleged

ORDER DENYING DEFENDANT'S MOTION TO DISMISS—No. C-05-03534 RMW
JAS

misappropriation of plaintiff's work and incorporation of it into the first two Terminator films forms part of the basis for Goldberg's contributory infringement claims. The allegations in the complaint are therefore not "redundant, immaterial, impertinent, or scandalous" and Hurd's motion to strike them is denied. Fed. R. Civ. P. 12(f).

Hurd's motion to dismiss appears to understand Goldberg's contributory infringement claim as asserting rights under the Assignment Agreement. He cannot do so because he has no such rights. However, Goldberg asserts that the Assignment Agreement induced others to commit direct infringements for which Hurd could be held indirectly liable. Hurd's motion to dismiss is, therefore, denied.

DATED:     12/1/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Plaintiff:**

Jefferson Thomas Stamp          jtstamp2002@yahoo.com

**Counsel for Defendants:**

Charles Nathan Shephard         cshephard@ggfirm.com
Bruce Alan Isaacs               bisaacs@wymanisaacs.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    12/1/09                                        CCL
                                                                                **Chambers of Judge Whyte**

**United States District Court**
**For the Northern District of California**

ORDER DENYING DEFENDANT'S MOTION TO DISMISS—No. C-05-03534 RMW
JAS                                                3